**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOCHIN NAIMDII, a.k.a Lochin Naindii; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70014 <br><br> Agency Nos.   A097-608-281 <br> A097-608-282 <br> A097-608-283 <br> A097-608-284 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Lochin Naimdii and his family, natives and citizens of Mongolia, petition for

review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and we deny the petition for review.

Naimdii testified to one incident in Mongolia where the police kicked or pushed him in the back and detained him for one day. Substantial evidence supports the BIA's finding that Naimdii did not establish past persecution based on this experience. *See id.* at 1020-1021 (concluding no past persecution where petitioner was detained for three days, interrogated, and struck with a rod ten times). In the absence of past persecution, Naimdii's humanitarian asylum claim necessarily fails. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Further, substantial evidence supports the BIA's finding that Naimdii failed to establish a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, Naimdii's asylum claim fails.

Because Naimdii failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's denial of CAT relief became Naimdii failed to establish it is more likely than not he will be tortured if returned to Mongolia. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

10-70014